UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATASHA CASTILLO,

                              Plaintiff,

     -against-

SUMMIT SECURITY SERVICES INC.,

                              Defendant.
------------------------------------------------------------------X

Case No.:

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, NATASHA CASTILLO, by her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of Plaintiff's disability (diabetes), resulting in their unlawful failure to hire Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12133 and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

1

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated March 30, 2019, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Notice.

## PARTIES

8. Defendant SUMMIT SECURITY SERVICES INC. ("SUMMIT") was a domestic business corporation operating in the State of New York.

9. Defendant SUMMIT had 15 or more employees.

10. Defendant SUMMIT had 4 or more employees.

11. Defendant SUMMIT is an employer under the ADA, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

12. Plaintiff suffers from diabetes, which requires her to take Metformin.

13. Metformin is known to cause false positives for amphetamine and methamphetamine during employment drug screening.

14. Plaintiff's disability (diabetes) is an impairment that substantially limits one or more of Plaintiff's major life activities within the meaning of 42 U.S.C. § 12102(1)(A), namely—regulating blood sugar.

15. Plaintiff's disability (diabetes) is a physical, mental or medical impairment preventing the exercise of a normal bodily function within the meaning of N.Y. Exec. Law § 292(21), namely—regulating blood sugar.

16. Plaintiff's disability (diabetes) is a physical, medical, mental or psychological impairment within the meaning of N.Y.C. Admin. Code § 8-102(16).

17. In or around November of 2016, Plaintiff applied for a position with Defendant SUMMIT.

18. As part of the application process, Defendant SUMMIT subjected Plaintiff to a drug test. Defendant SUMMIT administered the drug test at its offices located at 16 West 36th Street, New York, New York (the "Office"). An employee of Defendant SUMMIT (the "First Employee") then informed Plaintiff that she failed the drug test.

19. Plaintiff told the First Employee that she may have failed because of medicine she takes for her diabetes. The First Employee then told Plaintiff that she needed to provide a supporting doctor's note.

20. Plaintiff's doctor then faxed a letter (the "First Doctor's Note") to Defendant SUMMIT. The First Doctor's Note indicated that Plaintiff was taking Metformin for her diabetes. However, the First Employee said that the First Doctor's Note needed to state that taking Metformin could lead to a false positive test result.

21. Defendant SUMMIT then refused to hire Plaintiff because of her disability.

22. Defendant SUMMIT could have easily investigated whether Metformin can cause false positive drug test results.

23. Plaintiff did not pursue the matter at the time because she secured employment elsewhere.

24. On or about September 18, 2018 Plaintiff returned to the Office to interview for another position with Defendant SUMMIT. However, Joanna Gonzalez, another Summit employee told Plaintiff that she was ineligible for the position because she had previously been rejected for a position due to a positive drug test result.

25. Plaintiff then provided Gonzalez with a copy of a doctor's note dated September 14, 2018 (the "Second Doctor's Note"). The Second Doctor's Note stated, "Patient has Diabetes. Patient is on Metformin. If you have any further questions you can feel free to contact me." Despite this, Gonzalez stated that the Second Doctor's Note would not make a difference.

26. Plaintiff asked Gonzalez if she was certain, and Gonzalez then left the waiting room and returned with another employee (the "Second Employee"). The Second Employee then shouted at Plaintiff in the waiting room, which was full of other potential job applicants. The Second Employee yelled that Defendant SUMMIT would not hire Plaintiff because Plaintiff failed a drug test. Plaintiff was aghast, mortified, and outraged at being treated in such a humiliating manner in a public place.

27. Defendant SUMMIT then again refused to hire Plaintiff because of her disability.

28. Defendant SUMMIT could have easily investigated whether Metformin can cause false positive drug test results.

29. Defendant SUMMIT knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

30. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by these blatantly unlawful refusals to hire her.

31. Defendant SUMMIT treated Plaintiff this way solely due to Plaintiff's disability (diabetes).

32. Defendant SUMMIT acted intentionally and intended to harm Plaintiff.

33. Defendant SUMMIT unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

35. Plaintiff has also suffered and/or will suffer future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

36. Defendant SUMMIT acted maliciously, willfully, outrageously, and with full knowledge of the law.

37. As such, Plaintiff demands punitive damages as against all Defendant SUMMIT.

## First Cause of Action for Discrimination
## Under the ADA

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. The ADA, at 42 U.S.C. §12112, provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Defendant SUMMIT violated the section cited herein as set forth.

## Second Cause of Action for Discrimination
## Under the New York State Executive Law

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire

5

> or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

43. Defendant SUMMIT violated the section cited herein as set forth.

### Third Cause of Action for Discrimination
### Under the New York City Administrative Code

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

46. Defendant SUMMIT violated the section cited herein as set forth.

### Fourth Cause of Action Vicarious Liability
### Under the New York City Administrative Code

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides that:

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or

      agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

      c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

49. Defendant SUMMIT violated the section cited herein as set forth.

## **JURY DEMAND**

50. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant SUMMIT:

    A. Declaring that Defendant SUMMIT engaged in unlawful employment practices prohibited by the ADA, the NYSHRL, and the NYCHRL in that Defendant SUMMIT discriminated against Plaintiff based on Plaintiff's disability, resulting in their unlawful failure to hire Plaintiff;

    B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant SUMMIT's unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

    C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

    D. Awarding Plaintiff punitive damages;

7

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant SUMMIT's unlawful employment practices.

Dated: New York, New York
May 30, 2019

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: *Shawn Clark*

Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
sclark@tpglaws.com

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Natasha Castillo<br>C/O Steven Fingerhut, Phillips & Associates<br>45 Broadway, Suite 620<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-01161 | D. Young,<br>Investigator | (212) 336-3758 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_ Dey
Kevin J. Berry,
District Director

March 30, 2019
(Date Mailed)

Enclosures(s)

cc: Attn.: Director of Human Resources
SUMMIT SECURITY SERVICES INC
390 RXR Plaza
Uniondale, NY 11556

Steven Fingerhut, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006